# EXHIBIT "A"

**General Civil and Domestic Relations Case Filing Information Form**

⚓ EFILED IN OFFICE
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA

**STCV2021000991**

**DEC 21, 2021 10:39 AM**

J044

*Alan J. Lee*
Alan Lee, Clerk
Carroll County, Georgia

☐ Superior or ☑ State Court of ___Carroll___ County

| For Clerk Use Only | |
|---|---|
| **Date Filed** 12-21-2021 | **Case Number** STCV2021000991 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Perez, Fevy G

Last   First   Middle I.   Suffix   Prefix

**Defendant(s)**

Lane, Adam

Last   First   Middle I.   Suffix   Prefix

Sentry Select Insurance Company

Last   First   Middle I.   Suffix   Prefix

**Plaintiff's Attorney** Archer, Jarrett Avery   **Bar Number** 541723   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**   **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☑ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_Spanish_   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

EFILED IN OFFICE
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA

**STCV2021000991**
J044
DEC 21, 2021 10:39 AM

Alan Lee, Clerk
Carroll County, Georgia

## IN THE STATE COURT OF CARROLL COUNTY

## STATE OF GEORGIA

FEVY GALVEZ PEREZ,

     Plaintiff,

v.

ADAM LANE d/b/a OL'YELLER
TRANSPORT and SENTRY SELECT
INSURANCE COMPANY,

     Defendants.

CIVIL ACTION #

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW**, Plaintiff Fevy Galvez Perez ("Perez") to file her Complaint against Defendants Adam Lane d/b/a Ol'Yeller Transport ("Lane") and Sentry Select Insurance Company ("SSIC") (collectively referred to as "Defendants"), showing this Honorable Court as follows:

## PARTIES, JURISIDICTION AND VENUE

1.

Defendant Adam Lane d/b/a Ol'Yeller Transport is an individual and resident of the State of Arkansas who operates as a sole proprietorship under the name Ol' Yeller Transport. Said Defendant may be served at his residence located at 9922 Enon Circle, Lead Hill, Arkansas, 72644. Said Defendant is subject to the jurisdiction of this Court.

2.

Defendant SSIC is a foreign insurance company with its principal office located at 1800 North Point Drive, Stevens Point, Wisconsin 53381. Said Defendant may be served through its

1

registered agent, C T Corporation System, at 289 South Culver Street, Lawrenceville, Georgia 30046.

3.

This Court has subject matter jurisdiction over this action, which arises in tort.

4.

This Court is a proper venue for this action in light of, among other things, the collision at issue occurring in Carroll County, Georgia.

**COUNT I: NEGLIGENCE**

5.

Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if specifically plead herein.

6.

On or about Thursday, April 30, 2020, at approximately 5:33 PM, Perez was traveling westbound on Interstate 20 near mile marker 11 in Carroll County, Georgia.

7.

At the above date, time and location, Defendant Lane was also traveling westbound on Interstate 20 near mile marker 11 in a tractor trailer truck.

8.

At the above date, time and location, Defendant Lane's tractor trailer truck struck Perez because of, among other things, Defendant Lane improperly merged into Perez's Lane of travel.

9.

At all relevant times, Perez operated her vehicle in a safe and prudent manner.

2

10.

At the above date, time and location, Defendant Lane breached his duty to Perez by, among other things, operating his vehicle in an unsafe and unreasonable manner, driving while distracted, failing to account for other vehicles, failing to properly change lanes in violation of Georgia law, failing to keep a look out for White's vehicle, driving for more consecutive hours than is allowed under federal law, and unreasonably causing his vehicle to collide with Perez.

11.

Upon information and belief, Defendant Lane acted negligently by committing other negligent acts or omissions, as shall be shown by the evidence and proven at trial.

12.

As a direct and proximate result of Defendant Lane's negligence, Perez suffered injuries to her body, mental anguish, pain and suffering, and emotional distress, and incurred damages in an amount to be determined by the enlightened conscious of a jury.

13.

As a direct and proximate result of Defendant Lane's negligence, Perez has incurred medical and travel expenses in an amount currently totaling approximately $18,078.18.

14.

As a direct and proximate result of Defendant Lane's negligence, Perez will incur future damages related to medical expenses and pain and suffering for an indeterminate time into the future.

## COUNT II: DIRECT ACTION

15.

Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if specifically plead herein.

16.

At all relevant times to the subject collision, Defendant SSIC was the insurer of Defendant Lane.

17.

Defendant SSIC is subject to a direct action as the insurer of Defendant Lane pursuant to Georgia law.

18.

Defendant SSIC is subject to the filing requirements outlined under Georgia law and is properly named a Defendant herein.

19.

Under Georgia law, Defendant SSIC is responsible for any judgment against Defendant Lane.

**WHEREFORE**, Plaintiff prays:

a) That summons issue requiring Defendants to be and appear in this Court within the time provided by law to answer this Complaint;

b) That Plaintiff be awarded a judgment against the Defendants in an amount to be later determined by the enlightened conscious of a jury for Plaintiff's pain and suffering and other general damages as alleged in this Complaint or that are developed through discovery;

c) That Plaintiff be awarded a judgment against Defendants for any and all special damages she has or may incur, including without limitation, any past and future medical expenses and/or lost wages;

4

d)  That Plaintiff have Judgment against Defendants for a just and equitable sum that will fairly and adequately compensate Plaintiff for the loss and damages Plaintiff has sustained and will continue to sustain, plus interest as provided by law and costs of Court;

e)  That Plaintiff be awarded all costs of litigation, including reasonable attorney's fees and expenses pursuant to O.C.G.A. §13-6-11, O.C.G.A. §9-15-14 and other applicable law;

f)  That Plaintiff be awarded punitive damages pursuant to O.C.G.A. §51-12-5.1 and other applicable law;

g)  For a trial by a jury of 12; and

h)  For such other and further relief as this Court and the laws of Georgia deem just and proper.


Respectfully submitted this 21st day of December, 2021.

*/s/ Mark Zamora*
Mark Zamora, Esquire
GA Bar #784237


Attorney Mark Zamora
1555 Mt. Vernon Road
Dunwoody, GA 30338
T: 404-341-4437
mark@markzamora.com


*/s/ J. Avery Archer*
J. Avery Archer, Esq.
GA Bar #541723

**/s/ J. Blake Ledbetter**
J. Blake Ledbetter, Esq.
GA Bar #514151


Conoscienti & Ledbetter, LLC
315 W. Ponce de Leon Ave., STE 400
Decatur, GA 30030
Phone: (404) 373-5800
Fax: (404) 373 5804
Email: avery@cl-firm.com

EFILED IN OFFICE
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA

**STCV2021000991**
J044
DEC 21, 2021 10:39 AM

Alan J. Lee
Alan Lee, Clerk
Carroll County, Georgia

**IN THE STATE COURT OF CARROLL COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| FEVY GALVEZ PEREZ, | |
| Plaintiff, | |
| v. | CIVIL ACTION # |
| ADAM LANE d/b/a OL'YELLER TRANSPORT and SENTRY SELECT INSURANCE COMPANY, | |
| Defendants. | |

## PLAINTIFF PEREZ'S FIRST REQUEST FOR ADMISSIONS, CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT ADAM LANE

COMES NOW, Plaintiff Fevy Galvez Perez ("Perez") and requests that Defendant Adam Lane d/b/a Ol'Yeller Transport ("Defendant") respond to Plaintiff Perez's First Request for Admissions, Continuing Interrogatories, and Request for Production of Documents and Notice to Produce to Defendant, as follows:

## Part I: Introduction and Definitions

(a)      Each request seeks information available to the Defendant, its attorneys and agents, and all persons acting in their behalf. Accordingly, as used herein, the term "Defendant," "you," "your," refer without limitation to the Defendant, the Defendant's attorneys or investigators, insurers, agents and all other persons acting in the Defendant's behalf. Each of the requests shall be deemed to be continuing in the manner provided by law.

(b)      As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term "identify" is used in conjunction with the term "person" or if the answer of any Interrogatory

1

herein refers to a person (as defined herein), you are to state each such person's (l) full legal name, (2) present or last known address and telephone number, business or residential, (3) occupation, job title, business affiliation and/or nature of business.

(c)     When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item: (l) the date of the item, (2) the identity of the person who has custody or control of the item, (3) the nature and substance of the item, all with sufficient particularity to enable it to be identified in a Request to Produce. Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive.

(d)     If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to identify the document or oral communication and, as well, state the basis for any asserted claim of privilege.

(e)     As used herein, "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

(f)     If you object to part of the request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of any request and refuse to answer for that scope of time, state your objection in an answer for that request for the scope and time period that you believe is appropriate.

(g)     If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying

2

your inability to answer the remainder, and stating whatever information you have concerning the request.

(h)     **"Incident" or "Collision" shall mean the motor vehicle collision that forms the basis of Plaintiff's Complaint which occurred on or about April 30, 2020.**

### Part II: Request for Admissions

A.

The following Request for Admissions are being made pursuant to O.C.G.A. §9-11-36.

B.

Answers to these requests shall be served no later than forty-five (45) days after receipt of this request to Conoscienti & Ledbetter, LLC at 315 West Ponce de Leon Avenue, STE 400, Decatur, Georgia 30030.

1.

Admit that you have been correctly named as a Defendant in the present action.

2.

Admit that you negligently caused the Collision with Plaintiff.

3.

Admit that, on the date of the Collision, your vehicle was insured by Sentry Select Insurance Company.

4.

Admit you breached the legal duty you owed to Plaintiffs which resulted in the Collision.

5.

Admit you made an improper lane change, which caused the Collision.

3

6.

Jurisdiction is proper in this action.

7.

You were at fault for the Collision.

8.

Admit you Plaintiff sustained serious bodily injuries because of the Collision.

## Part III: Continuing Interrogatories

A.

The following request for Interrogatories is made pursuant to O.C.G.A. §9-11-33.

B.

Answers to these Interrogatories shall be served no later than forty-five (45) days after receipt of this request to Conoscienti & Ledbetter, LLC at 315 West Ponce de Leon Avenue, STE 400, Decatur, Georgia 30030.

1.

Please identify all persons assisting you in answering these interrogatories.

2.

State your full name, current address of residence, date of birth, social security number, the name of your present employer and your job title, the name of your employer on the date of the Collision and list all other names you have been known by throughout your lifetime, including the dates that you were known by those names.

3.

Please identify all insurance policies in effect that may cover this Collision.

4.

During the 24 hours preceding the Collision, please state:

4

(a) The exact amount of time you were driving a tractor trailer truck;

(b) The exact number of hours you recorded on your logbook as driving hours; and

(c) If you drove more hours than reflected in you logbook as driving hours, please explain the reasons for doing so.

5.

State whether you have ever been issued an "out of service" sticker in accordance with 49 C.F.R. §396.9. If you have been issued such a form state:

(a) The times and places that all such stickers were issued;

(b)  What repairs were indicated on the "out of service" sticker; and

(c) The name, occupation and address of the person or persons currently in possession, control or custody of the original or copies of the "out of service" sticker issued to you.

6.

State whether you have ever been declared "out of service" in accordance with 49 C.F.R. § 395.13. If so state:

(a) The date and place of each occasion you were declared "out of service;"

(b) the reason you were declared "out of service"; and

(c) The company that you were hauling for at the time you were declared out of service.

7.

State whether or not you were required to complete a driver vehicle inspection report for the seventy-two hours prior to the Collision and forty-eight hours after the Collision and, if so, state:

(d) Any deficiencies noted on the vehicle;

(e) What action was taken to correct any deficiencies; and

(f) The identity of the person(s) with a copy of said report.

5

8.

Did you receive a traffic citation as a result of the Collision? If so, give the date, place and manner of the disposition of said citation.

9.

If you contend another party was wholly or partially responsible for the Collision, please identify the name, address and telephone number of said party.

10.

Please identify all persons, known to Defendant who saw, or claim they saw, all or any part of the Collision. Please state their full name, last known address and telephone number.

11.

Please identify all persons, known to Defendant who arrived at the scene of the Collision immediately after the Collision. Please state their full name, last known address and telephone number.

12.

Please identify all persons, who have given oral, written or recorded statements covering the facts and/or circumstances of the Collision. Please state their full name, last known address and telephone number.

13.

Describe in detail any conversations that any employee or agent for Defendant has had with the Plaintiff following the Collision.

14.

Please state whether or not you have a copy of any statement, which the Plaintiff has previously made, concerning this action or its subject matter.

15.

Did the Defendant take any pictures of, or videotape, the Collision or the scene thereafter? If so, describe the subject matter depicted, state the date the picture or videotape was taken or made, and state the name, current address and telephone number of both the person who took the photograph or videotape, and the person now having custody and control.

16.

If the picture or videotape is not available or has been destroyed, please state the date of its unavailability/destruction, the person who authorized its unavailability/destruction, the person who actually destroyed it and the reason for its unavailability/destruction.

17.

Please state whether or not you operating for or on behalf of a legal entity on the date of the Collision. If so, please provide the name of the entity, state in which said entity was form and the principal office address for said entity.

18.

Please state whether any representative, employee, mechanic, adjuster, claims representative, officer, or agent of you conducted any inspections and/or investigations of the collision and/or subject vehicle after the collision.  With respect to any such investigation(s), please state the date, the name of the person(s) or entity conducting same, the results and/or conclusions reached, and identify any reports generated as a result of said inspection or investigation. [**NOTE**: If you contend any investigation is privileged or not otherwise discoverable, please provide a privilege log and the factual basis supporting such contention].

19.

Describe the purpose for which you were using the subject vehicle at the time of the collision with Plaintiffs, including where you were traveling from at the time of the Collision,

what time you left, where you were traveling to (i.e. next stop), what time you had to be at that destination, and all purposes for which you had used the vehicle on the day of the accident leading up to the subject collision.

20.

Please state each and every motor vehicle accident you have been involved in the past 10 years, including the date of the accident and the names of the parties involved. Additionally, please state whether or not you were at fault for the incident and whether or not a lawsuit occurred as a result of the accident. If a lawsuit occurred, please provide the name of the court, the parties to the lawsuit and the outcome of the lawsuit.

21.

If you have ever been arrested for, pled guilty to, pled *nolo contendere* to, or have been found guilty of any felony or crime involving moral turpitude, please state the nature of said offense, the date, county, and state in which you were tried and/or entered your plea, and the sentence given to you.

22.

Have you received any traffic citation(s) other than parking tickets within 10 years before or after the subject incident?  If you answer yes, please give the nature of the offense, the date(s) you received the citation(s), the location (state, city, and county), the fine(s), if any, which was paid and state whether you pled guilty, *nolo contendere*, or not guilty to each citation listed.

23.

Has your license to operate a motor vehicle, commercial or otherwise, ever been suspended, cancelled, or revoked?  If you answer yes, please provide the date(s) and reasons for each suspension, cancellation, or revocation.

24.

Describe the vehicle operated by you at the time of the subject collision, including but not limited to, the owner, year, make, model, mileage and whether you contend it was encountering any mechanical difficulties at the time of the subject collision and who, if anyone, you reported said mechanical difficulties to.

25.

If at the time of the subject collision you owned, possessed, or used a cellular phone(s), please identify your cellular phone number(s), the company that provided service for the phone(s), whether you were using a cellular phone at the time of the collision, the last call and/or text you made or received prior to the subject collision, and any calls made immediately after the collision at issue. (**NOTE**: This request applies to both company-issued and personal cellular phones).

26.

Please state all substances that you ingested or consumed within twenty-four (24) hours of the subject motor vehicle wreck, including, but not limited to, alcohol, prescription medications, over-the-counter medication, and legal or illegal medications or drugs, and provide the name of the substance or medication, the amount ingested, and the time and place of ingestion.

27.

Please describe in detail how you contend the Collision occurred.

28.

Please identify any person that you expect to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:

(a)     Identify the subject matter of which the person is expected to testify;

9

(b)     Identify the substance of the facts and opinions as to which the person is expected to testify;

(c)     Summarize the grounds for such opinions; and

(d)     Identify all documents and professional references upon which such person may base his or her testimony and opinions.

## Part IV: Request for Production of Documents and Notice to Produce

A.

The following request for Production of Documents and Notice to Produce is made pursuant to O.C.G.A. §9-11-34 and O.C.G.A. §24-13-27.

B.

Answers to these requests shall be served no later than forty-five (45) days after receipt of this request to Conoscienti & Ledbetter, LLC at 315 West Ponce de Leon Avenue, STE 400, Decatur, Georgia 30030.

1.

All insurance policies which cover or may cover the Incident.

2.

All statements previously made by the Plaintiffs concerning the subject matter of this incident.

3.

All documents relating to any communication between you, or anyone acting on your behalf, with any of Plaintiffs' doctors, hospitals or other health care providers concerning Plaintiffs' condition after the happening of the accident.

10

4.

All written statements of any person(s), who has, or may have claimed to have knowledge of the Collision, and/or the resulting injuries sustained by the Plaintiffs, as identified in Plaintiff Earlean's First Continuing Interrogatories.

5.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

6.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

7.

Each and every document relating to any facts or information about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

8.

All copy of any citation, warning or reprimand given to you regarding the Collision.

9.

Any reservation of rights letter(s) related to the subject collision or this litigation that you have received.

10.

Any and all photographs, drawings, maps or sketches of the scene of the Incident.

11

11.

Any surveillance photographs, movies, or videotapes made of Plaintiffs and/or the scene of the Collision.

12.

Any recordings of Plaintiffs taken by you or any insurance company that may be responsible for paying for any recovery against you in this action.

13.

Please provide all inspection, maintenance, service, and repair records and/or work orders for the vehicle you were operating at the time of the incident forming the basis of Plaintiffs' Complaint, for one (1) year prior to and as a result of the subject collision.  (**NOTE:** This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, inspection reports, or any tangible evidence pertaining to the upkeep of the vehicle Defendant Wagner was driving at the time of the subject collision that forms the basis for this civil action.)

14.

All documents that you receive in response to your Requests for Production of Documents and/or Subpoenas to non-parties.

15.

Please produce copies of any and all documents, information, and materials, in whatever format, pertaining to any training given to you to operate a tractor trailer truck.

16.

Please produce a copy of any and all evaluations, reviews, check-sheets, tests, and any similar documents, by whatever name and in whatever format, wherein you were evaluated as a tractor trailor driver.

17.

A copy of your current driver's license.

18.

Please produce copies of all documents reflecting any data or printout from on-board recording devices, including but not limited to the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip master, satellite monitoring, or other recording device on the vehicle being operated by you for the day of the Collision and a period of six months preceding the date of the Collision.

19.

A copy of all trip or dispatch reports received and/or completed by you regarding the tractor trailer truck you were operating on the date of the Collision for a period of one week preceding the date of the Collision.

20.

Please produce copies of all e-mails, electronic messages, letters, memos, or other documents concerning the Collision including, but not limited to, communications with any state agency or department and the Federal Motor Carrier Safety Administration.

21.

Please produce copies of all documents evidencing any penalties or fines issued by the Federal Motor Carrier Safety Administration and/or Department of Transportation to you for a period of five (5) years preceding the Collision.

22.

A copy of the pre-trip inspection report.

23.

All documents or things which you intend to introduce into evidence at trial.

24.

All documents consulted, referred to, identified in, or otherwise utilized in any way in connection with the preparation of Defendant's responses to Plaintiff's First Continuing Interrogatories and First Request of Production of Documents and Notice to Produce.

25.

Any social media posts, or similar posting made on the internet, made by Plaintiff that you intend to introduce as evidence in this matter.

This 21st day of December, 2021.

/s/ J. Avery Archer
J. Avery Archer, Esq.
GA Bar #541723

Conoscienti & Ledbetter, LLC
315 W. Ponce de Leon Ave., STE 400
Decatur, GA 30030
Phone: (404) 373-5800
Fax: (404) 373 5804
Email: avery@cl-firm.com

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA
**STCV2021000991**
J044
DEC 21, 2021 10:39 AM

*Alan J. Lee*
Alan Lee, Clerk
Carroll County, Georgia

## IN THE STATE COURT OF CARROLL COUNTY

## STATE OF GEORGIA

FEVY GALVEZ PEREZ,

        Plaintiff,

    v.                          CIVIL ACTION #

ADAM LANE d/b/a OL'YELLER
TRANSPORT and SENTRY SELECT
INSURANCE COMPANY,

        Defendants.

## PLAINTIFF PEREZ'S FIRST REQUEST FOR ADMISSIONS, CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT SENTRY SELECT INSURANCE COMPANY

COMES NOW, Plaintiff Fevy Galvez Perez ("White") and requests that Defendant Sentry Select Insurance Company ("Defendant") respond to Plaintiff's First Request for Admissions, Continuing Interrogatories, and Request for Production of Documents and Notice to Produce to Defendant, as follows:

### Part I: Introduction and Definitions

(a)    Each request seeks information available to the Defendant, its attorneys and agents, and all persons acting in their behalf. Accordingly, as used herein, the term "Defendant," "you,", "your," refer without limitation to the Defendant, the Defendant's attorneys or investigators, insurers, agents and all other persons acting in the Defendant's behalf. Each of the requests shall be deemed to be continuing in the manner provided by law.

(b)    As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term "identify" is used in conjunction with the term "person" or if the answer of any Interrogatory

1

herein refers to a person (as defined herein), you are to state each such person's (l) full legal name, (2) present or last known address and telephone number, business or residential, (3) occupation, job title, business affiliation and/or nature of business.

(c)     When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item: (l) the date of the item, (2) the identity of the person who has custody or control of the item, (3) the nature and substance of the item, all with sufficient particularity to enable it to be identified in a Request to Produce. Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive.

(d)     If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to identify the document or oral communication and, as well, state the basis for any asserted claim of privilege.

(e)     As used herein, "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

(f)     If you object to part of the request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of any request and refuse to answer for that scope of time, state your objection in an answer for that request for the scope and time period that you believe is appropriate.

(g)     If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying

2

your inability to answer the remainder, and stating whatever information you have concerning the request.

(h)     **"Incident" or "Collision" shall mean the motor vehicle collision that forms the basis of Plaintiff's Complaint which occurred on or about February 20, 2019.**

## Part II: First Request for Admissions

A.

The following Request for Admissions are being made pursuant to O.C.G.A. §9-11-36.

B.

Answers to these requests shall be served no later than forty-five (45) days after receipt of this request to Conoscienti & Ledbetter, LLC at 315 West Ponce de Leon Avenue, STE 400, Decatur, Georgia 30030.

1.

Admit that you have been correctly named as a Defendant in the present action.

2.

Admit that there has not been a failure to join a necessary or indispensable party to this action.

3.

Admit that, on the date of the Collision, you provided coverage to the truck being operated by Defendant Lane.

4.

Admit that there are no coverage issues in this litigation.

5.

Admit that Defendant Lane had an insurance policy with you in full force and effect on the date of the Collision.

6.

Admit that, if a judgment is obtained against Defendant Lane in this action, you will be required to provide coverage.

## Part III: Continuing Interrogatories

A.

The following request for Interrogatories is made pursuant to O.C.G.A. §9-11-33.

B.

Answers to these Interrogatories shall be served no later than forty-five (45) days after receipt of this request to Conoscienti & Ledbetter, LLC at 315 West Ponce de Leon Avenue, STE 400, Decatur, Georgia 30030.

1.

Identify the insurer issuing the policy, the policy number, and the effective dates of the policy for all policies of insurance (primary or excess) which do, does, or may provide insurance coverage for the claims made in Plaintiff's Complaint.

2.

Please state the name, business address, and business telephone number of the following persons:

(a)     Any claims representative or individual who has investigated or sought to assist in the adjusting of the claim that forms the basis of Plaintiff's Complaint; and

(b)     The claims representative who is responsible for handling and supervising this claim.

3.

4

Please identify every person who has any information about how or why the subject collision occurred, about who was at fault or any way responsible for causing this collision, and about any other information concerning the issues of liability or damages in this case.  Please list a brief description or nature of such person's knowledge (for example:  eyewitness, investigating police officer, medical doctor, private investigator, etc.).

4.

Please identify any witness who has information relevant to this case who has orally, in writing, or by recording in any way given a statement or account of his or her knowledge or any information relevant to this lawsuit.  Identify each such witness by giving his or her name, address, and telephone number and provide an explanation of the type of statement given (oral, written, recorded, etc.).  Also, please identify the taker and present custodian of such statement.

5.

Please identify any person you expect to call as an expert witness, whether live, by affidavit, or by deposition in connection with the trial, any hearing or motion for evidentiary matter in this civil action, and separately for each expert identify: a) the subject matter of which such person is expected to testify; b) the substance of the facts and opinions as to which such expert is expected to testify; c) a summary of the grounds for such opinion; and d) all documents and professional references upon which such person may specifically base his or her testimony and opinions.

6.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff Earlean, or any other person, did or failed to do that in any way contributed to causing the collision that forms the basis for Plaintiff's Complaint.  Please supply any statutory authority where applicable.

5

7.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant's insured, or insured driver, for the claims made in this lawsuit:

(a)    Name of each insurance company issuing policy;

(b)    Applicable liability limits concerning each policy;

(c)    Names of all persons and/or companies insured under each policy;

(d)    Names of the person(s) paying premiums with respect to each policy;

(e)    Policy number of each policy;

(f)    Types of insurance coverage carried;

(g)    Whether the defense of this action has been tendered to any such insurer;

(h)    Whether defense has been accepted by each such insurer to whom defense has been tendered;

(i)    Whether this Defendant's insured has made any claims under said policy or policies as a result of the occurrence herein;

(j)    The nature, extent, and amount of any such claim or claims by said insured(s);

(k)    Whether those claims have been paid by you and the amount of said payment(s); and,

(l)    Your response or reaction with respect to the request that you defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

8.

If you contend that there may be coverage issues in this litigation, please provide the factual and legal support for said contention. Additionally, please identify the specific policy provision being replied on to support said contention.

9.

Please state whether this Defendant, its agents, its attorneys, or its insured, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant's insured hires or allows to drive their vehicles.  If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained.  Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the box truck involved in the subject occurrence.

10.

As to the truck involved in the Collision and insured by Defendant, please state the following information:  Manufacturer, make, model, year, and Vehicle Identification Number (VIN); person or entity to whom the subject truck was titled as of the date of the occurrence and at present; present location of the box truck; gross vehicle rating of the truck; and wheelbase measurements.

11.

Please state whether any inspection of the subject truck was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the person(s) performing such inspection.  Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the van.

12.

7

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the Collision, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following: the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

13.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives or the insured(s) in connection with the subject occurrence, and if so, the place where such report is located.

14.

Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the contention which it supports or to which it otherwise relates.

**Part IV: First Request for Production of Documents and Notice to Produce**

A.

The following request for Production of Documents and Notice to Produce is made pursuant to O.C.G.A. §9-11-34 and O.C.G.A. §24-13-27.

B.

8

Answers to these requests shall be served no later than forty-five (45) days after receipt of this request to Conoscienti & Ledbetter, LLC at 315 West Ponce de Leon Avenue, STE 400, Decatur, Georgia 30030.

1.

Defendant's insurance policies, insurance agreement and any subordinate insuring agreements, which in any way, may provide Defendant Lane a(nd/or entity which he operated under or for) with insurance coverage in the event of an award for Plaintiff of any sum by way of a judgment in Plaintiff's favor.

2.

Any written, recorded, or transcribed statement made by anyone concerning this action or the Collision.

3.

Any maps, plays, drawings, estimates, videotapes or photographs pertaining to the incident which is the subject matter of this lawsuit.

4.

Any statements of witnesses who claim to have seen the impact as it occurred between the vehicles referred to in Plaintiff's Complaint and/or claim to have seen either vehicle within one block of the incident and/or claim to have seen the vehicles prior to being removed from the accident area.

5.

Any statements made by anyone who claims to have heard or seen Plaintiff or any Defendant hereto make any statement either against or for his/her/their interest at the accident scene or at any other time or location.

6.

All documents which you and/or your representatives rely upon to demonstrate and support any facts relevant to this litigation and any documents which you and/or your representatives contend are relevant to the issues involved in this action.

7.

All reports, drawings or correspondence made by experts whom Defendants expects to testify in this action.

8.

If you contend that you have improperly named as a Defendant in this lawsuit, please produce any documents supporting said contention.

This 21st day of December, 2021.

/s/ J. Avery Archer
J. Avery Archer, Esq.
GA Bar #541723

Conoscienti & Ledbetter, LLC
315 W. Ponce de Leon Ave., STE 400
Decatur, GA 30030
Phone: (404) 373-5800
Fax: (404) 373 5804
Email: avery@cl-firm.com

10

# STATE COURT OF CARROLL COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  STCV2021000991

Perez, Fevy G

_____

**PLAINTIFF**

                                     **VS.**

Lane, Adam, AKA d/b/a Ol'Yeller Transport
Sentry Select Insurance Company

_____

**DEFENDANTS**

**SUMMONS**

TO: LANE, ADAM

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jarrett Avery Archer**
> **CONOSCIENTI & LEDBETTER, LLC**
> **315 W Ponce de Leon Avenue, Suite 400**
> **Decatur, Georgia 30030**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 21st day of December, 2021.**

                         Clerk of State Court

                         Alan Lee, Clerk
                         Carroll County, Georgia

# STATE COURT OF CARROLL COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  STCV2021000991

Perez, Fevy G

_____

**PLAINTIFF**

**VS.**

Lane, Adam, AKA d/b/a Ol'Yeller Transport
Sentry Select Insurance Company

_____

**DEFENDANTS**

**SUMMONS**

TO: SENTRY SELECT INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jarrett Avery Archer**
> **CONOSCIENTI & LEDBETTER, LLC**
> **315 W Ponce de Leon Avenue, Suite 400**
> **Decatur, Georgia 30030**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 21st day of December, 2021.**

Clerk of State Court

Alan Lee, Clerk
Carroll County, Georgia

Page 1 of 1

**EFILED IN OFFICE**
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA
**STCV2021000991**
**J044**
**DEC 27, 2021 11:24 AM**

Alan J. Lee
Alan Lee, Clerk
Carroll County, Georgia

IN THE STATE COURT OF CARROLL COUNTY

STATE OF GEORGIA

Fevy Galvez Perez

                          Plaintiff,

vs.

Adam Lane, Sentry Select Insurance
Company

                          Defendant.

CIVIL ACTION
File No.  STCV2021000991

## PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER

COMES NOW the Plaintiff, pursuant to O.C.G.A. § 9-11-4(c) and shows this Court that expedited service on Defendant is necessary and requests the appointment of a Special Process Server to serve Defendant, as authorized under the law. Plaintiff submits herewith an Affidavit of the process server.

WHEREFORE, Plaintiff moves the Court for an Order appointing Marc Perlson and agents of Perma Investigations, each of whom is not an interested party or a party to the suit, is a citizen of the United States and is over 18 years of age, to serve Defendant with process, and to make a return on that service pursuant to O.C.G.A. § 9-11-4(c).

This 27 Day of December, 2021.

Respectfully submitted,

By: _____

J Avery Archer
Georgia Bar No.: 541723

315 W. Ponce de Leon Ave.
Suite 400
Decatur, Georgia 30030

🖨 EFILED IN OFFICE
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA

**STCV2021000991**
**J044**
**DEC 27, 2021 11:24 AM**

*Alan J. Lee*
Alan Lee, Clerk
Carroll County, Georgia

IN THE STATE COURT OF CARROLL COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| Fevy Galvez Perez | | |
| | Plaintiff, | |
| vs. | | CIVIL ACTION<br>File No.   STCV2021000991 |
| Adam Lane, Sentry Select Insurance<br>Company | | |
| | Defendant. | |

## AFFIDAVIT OF MARC PERLSON PROCESS SERVER

STATE OF GEORGIA
COUNTY OF Fulton

     PERSONALLY APPEARED before me, an officer duly authorized by law to administer oaths, Marc Perlson, who after first being duly sworn, states:

     1.    My name is Marc Perlson, and I am competent in all respects to testify regarding the matters set forth herein. This Affidavit is given voluntarily in support of Plaintiff's Motion for Special Appointment of Process Server.

     2.    I am a process server for Perma Investigations, a company that serves legal process in this state. I am 18 years of age or over, a citizen of the United States, a non-party to this action, and am not related by employment or otherwise to Plaintiff, or Plaintiff's attorneys or Defendants in the above case.

     3.    I am available to serve process, have experience in serving process, am not a felon and am willing to be appointed to serve process in this action. I have no interest in the outcome of this action.

                                                            Marc Perlson

Sworn to and subscribed before me
On December 27, 2021

_____
Notary Public
My commission expires: _01-24-2_

IN THE STATE COURT OF CARROLL COUNTY

STATE OF GEORGIA

Fevy Galvez Perez

                 Plaintiff,

vs.

Adam Lane, Sentry Select Insurance
Company

                 Defendant.

CIVIL ACTION
File No.  STCV2021000991

ORDER GRANTING MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

Plaintiff's Motion for Special Appointment of Process Server having been read and considered, and it appearing to the Court that such an appointment is authorized by O.C.G.A. § 9-11-4(c) and should be made,

IT IS HEREBY ORDERED that Marc Perlson and agents of Perma Investigations, each of whom is a citizen of the United States is specially appointed, authorized, and directed to serve a copy of the Summons and Complaint in this action on Defendant with process, and to make and file his proof of service as required by law.

SO ORDERED, this 27 day of December, 2021.

_____
Judge, State Court of Carroll County

Presented by:

J Avery Archer
315 W. Ponce de Leon Ave.
Suite 400
Decatur, Georgia 30030

## AFFIDAVIT OF SERVICE

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA

**STCV2021000991**
J044
DEC 29, 2021 02:46 PM

Alan J. Lee
Alan Lee, Clerk
Carroll County, Georgia

**State of Georgia**                    **County of Carroll**          State Court

Case Number: STCV2021000991

Plaintiff:
Fevy G Perez

Defendant
Adam Lane, AKA d/b/a Ol' Yeller Transport
Sentry Select Insurance Company

For:
Conoscienti & Ledbetter

Received by Perma Investigations on the 22nd day of December 2021 to be served on **Adam Lane, 9922 Enon Circle, Lead Hill, Arkansas, 72644.**

**I, Brian Smith, being duly sworn, depose and say, that on the 27h of December, 2021 at 3:43 PM, I**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons, General Civil and Domestic Relations Case Filing Information Form, Complaint, and Plaintiff Perez's First Requests for Admissions, Continuing Interrogatories, and Requests for Production of Documents and Notice to Produce to Defendant Sentry Select Insurance Company, Plaintiff Perez's First Requests for Admissions, Continuing Interrogatories, and Requests for Production of Documents and Notice to Produce to Defendant Adam Lane** to Adam Lane at the address of **9922 Enon Circle, Lead Hill, Arkansas, 72644.**

**Additional information pertaining to this Service:**
12/27/2021 3:43 PM Adam Lane can be described as white male about 6'4" tall and weighs about 265 lbs. He had some facial hair and is about 60 years old.

I am an agent of Perma Investigations and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age.

Subscribed and Sworn to before me on the 29th day of
December 2021 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

Brian Smith
Process Server

Perma Investigations
PO Box 1742
Roswell, GA 30077

L. GROTTS
Notary Public - Notary Seal
Stone County - State of Missouri
Commission Number 15635967
My Commission Expires Jun 7, 2023

📄 **EFILED IN OFFICE**
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA

**STCV2021000991**
J044
**JAN 05, 2022 02:38 PM**

Alan Lee, Clerk
Carroll County, Georgia

IN THE STATE COURT OF CARROLL COUNTY

STATE OF GEORGIA

Fevy Galvez Perez

                              Plaintiff,

vs.                                          CIVIL ACTION
                                             File No.  STCV2021000991

Adam Lane, Sentry Select Insurance
Company

                              Defendant.

ORDER GRANTING MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

Plaintiff's Motion for Special Appointment of Process Server having been read and considered, and it appearing to the Court that such an appointment is authorized by O.C.G.A. § 9-11-4(c) and should be made,

IT IS HEREBY ORDERED that Marc Perlson and agents of Perma Investigations, each of whom is a citizen of the United States is specially appointed, authorized, and directed to serve a copy of the Summons and Complaint in this action on Defendant with process, and to make and file his proof of service as required by law.

SO ORDERED, this 27 day of December, 2021.

Judge, State Court of Carroll County

J. Avery Archer
315 W. Ponce de Leon Ave.
Suite 400
Decatur, Georgia 30030

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA

**STCV2021000991**
J044
JAN 05, 2022 05:11 PM

*Alan J. Lee*
Alan Lee, Clerk
Carroll County, Georgia

## <u>NOTICE OF LEAVE OF ABSENCE</u>

To: All Judges, Clerks of Court and Counsel/Parties of Record
From: J. Avery Archer
Re: Notice of Leave of Absence
Date: December 22, 2021

      COMES NOW **J. Avery Archer** to notify all Judges before whom I have cases pending, all affected Clerks of Court and all opposing counsel that he will be on leave pursuant to **Uniform Superior Court Rule 16** and **Uniform Magistrate Court Rule 9**. I have attached a list of the list of actions to be protected hereto as **"Exhibit A."** The duration and reason for my leave of absence is as follows:

i.      **February 3, 2022 to and including February 7, 2022 for vacation**;
ii.     **February 16, 2022 to and including February 21, 2022 for a law conference;**
iii.    **February 24, 2022 to and including February 27, 2022 for a bachelor's trip/vacation;**
iv.    **March 3, 2022 to and including March 7, 2022 for a bachelor's trip/vacation;**
v.     **April 22, 2022 to and including April 25, 2022 for a bachelor's trip/vacation;**
vi.    **June 20, 2022 to and including June 21, 2022 for a family event;**
vii.   **July 15, 2022 to and including July 20, 2022 for a law conference**;
viii.  **July 31, 2022 to and including August 7, 2022 for vacation;**
ix.    **September 16, 2022 for vacation;**
x.     **November 21, 2022 to and including November 25, 2022 for family holiday/vacation;**
xi.    **December 8, 2022 to and including December 9, 2022 for a family event; and**
xii.   **December 19, 2022 to and including January 2, 2022 for family holiday/vacation.**

All affected Judges and opposing counsel shall have 10 days from the date of this Notice of Leave of Absence, and, in no such objection is filed, then this Notice of Leave of Absence shall be granted without an entry of an order. If an objection is filed, I hereby expressly request a conference with all counsel and the court to determine whether the court will, by order, grant my requested leave of absence.

 

                                        */s/ J. Avery Archer*
                                        J. Avery Archer
                                        GA Bar #541723

Conoscienti & Ledbetter, LLC
315 W. Ponce de Leon Ave.
STE 400
Decatur, GA 30030
P: (404) 373-5800
F: (404) 373 5804
E: avery@cl-firm.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have caused a copy of the foregoing **Notice of Leave of Absence** to be served on all Judges, Clerks and opposing counsel listed on the attached **Exhibit A** by statutory electronic service and/or depositing the same in the United States Mail with adequate postage.

<u>*/s/ J. Avery Archer*</u>
J. Avery Archer
GA Bar #541723

| Case Number | Judge/Clerk/Venue | Opposing Counsel |
|---|---|---|
| **Nadia Krause**<br>**v.**<br>**Benihana National Corp.**<br><br>**Case No.: 21-A-4254** | ***State Court of Cobb County***<br><br>Hon. Carl W. Bowers<br>12 East Park Square<br>Marietta, GA 30090-9630<br><br><br>***Cobb County Clerk's Office***<br>12 East Park Square<br>Marietta, GA 30090-9630 | **Benihana National Corp** |
| **Fevy Galvez Perez**<br>**v.**<br>**Adam Lane, Sentry Select Insurance**<br>**Company**<br><br>**Case No.: STCV2021000991** | ***State Court of Carroll County***<br><br><br><br>***Carroll County Clerk's Office***<br>P.O. Box 1620<br>Carrollton, GA 30112 | **Adam Lane**<br>9922 Enon Circle<br>Lead Hill, Arkansas 72644 |
|  |  |  |

EFILED IN OFFICE
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA
**STCV2021000991**
J044
**JAN 26, 2022 06:04 PM**

Alan Lee, Clerk
Carroll County, Georgia

IN THE STATE COURT OF CARROLL COUNTY
STATE OF GEORGIA

FEVY GALVEZ PEREZ

      Plaintiff,

v.

ADAM LANE d/b/a OL' YELLER
TRANSPORT and SENTRY SELECT
INSURANCE COMPANY

      Defendant.

CIVIL ACTION
FILE NO.:  STCV2021000991

## ANSWER AND DEFENSES OF DEFENDANT ADAM LANE
## d/b/a OL' YELLER TRANSPORT

COMES NOW Defendant ADAM LANE d/b/a OL' YELLER TRANSPORT ("Ol' Yeller") (hereafter referred to as "Defendant"), by and through the undersigned counsel, and files this Answer and Defenses to Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

The discovery process, including depositions of parties and witnesses, has not occurred, and Defendant reserves the right to amend these responses hereto and add or delete affirmative defenses based upon facts to be determined in the discovery process.

### FIRST DEFENSE

The Plaintiff's Complaint as to this Defendant, in whole and with respect to the individual counts, fails to state a claim upon which relief can be granted and should be dismissed.

### SECOND DEFENSE

This Defendant breached no duty owed to the Plaintiff and, on account thereof, Plaintiff is barred from any recovery against this Defendant whatsoever.

**THIRD DEFENSE**

Pending further investigation and discovery, and to preserve any applicable defenses while the facts remain to be fully determined, the accident giving rise to Plaintiff's Complaint was caused by the acts or omissions of persons or entities other than this Defendant.

**FOURTH DEFENSE**

Pending further investigation and discovery, this Defendant shows that no act or omission on hiis part was the proximate cause of some or all of the injuries and damages alleged by Plaintiff.

**FIFTH DEFENSE**

This Defendant show that Defendant was not properly served with service of process and therefore service of process is insufficient as to Defendant.

**SIXTH DEFENSE**

No act or omission on the part of this Defendant constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences. Although this Defendant denies that he is subject to any award of punitive damages in this case, any award of punitive damages is limited by the cap imposed by O.C.G.A. § 51-12-5.1.

**SEVENTH DEFENSE**

Plaintiffs' Complaint fails to state a cause of action for punitive damages against this Defendant and there is insufficient evidence to create a jury issue on punitive damages against this Defendant. As a defense to Plaintiff's claims for punitive damages, however, this Defendant also states that any such claim and/or award pursuant to O.C.G.A. § 51-12-5.1 should be denied on the grounds that this would violate the guarantees of the Eighth Amendment to the United States Constitution against excessive fines and penalties and the Constitution of the State of Georgia

(Article 1, Section 1, Paragraph 17), the substantive and procedural due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 1), and the equal protection guarantees of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 2).

## EIGHTH DEFENSE

Pending further investigation and discovery and to preserve any applicable defenses while the facts remain to be fully determined, this Defendant shows that the negligence of the Plaintiff equaled or exceeded any negligence on the part of the Defendant, any negligence being expressly denied, and, therefore, the Plaintiff is not entitled to recover.

## NINTH DEFENSE

Plaintiff's Complaint fails to plead special damages with particularity as required by O.C.G.A. § 9-11-9(g).

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## ELEVENTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant asserts the defenses of failure to avoid consequences, failure to exercise ordinary care, failure to mitigate damages, fraud and illegality.

## TWELFTH DEFENSE

Defendant reserve the right to plead and prove such other defenses as may be known to them during the course of their investigation and discovery.

## THIRTEENTH DEFENSE

Without waiving the above-enumerated defenses, this Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1.

In response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that Defendant Adam Lane d/b/a Ol'Yeller Transport is an individual and resident of the State of Arkansas, that he operates a sole proprietorship under the trade name "Ol' Yeller Transport"; and that he may be served at his residence located at 9922 Enon Circle, Lead Hill, Arkansas, 72644. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

2.

In response to Paragraph 2 of Plaintiff's Complaint, Defendant states that this paragraph is not addressed to him and therefore no response is required. To the extent that a response is required, this Defendant states that he is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

3.

In response to Paragraph 3 of Plaintiff's Complaint, Defendant denies that jurisdiction is proper in this Court as to this Defendant.

4.

In response to Paragraph 4 of Plaintiff's Complaint, Defendant denies that venue is proper in this Court as to this Defendant.

## COUNT I: NEGLIGENCE

5.

Defendant incorporates his answers to the preceding paragraphs 1 through 4 as if fully set forth herein.

6.

In response to Paragraph 6 of Plaintiff's Complaint, Defendant states that he is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

7.

In response to Paragraph 7 of Plaintiff's Complaint, Defendant admits that he was operating a motor vehicle and traveling westbound on Interstate 20 on or about April 30, 2020, in the vicinity of the subject accident.

8.

In response to Paragraph 8 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

9.

In response to Paragraph 9 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

10.

In response to Paragraph 10 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

11.

In response to Paragraph 11 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

12.

In response to Paragraph 12 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

13.

In response to Paragraph 13 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

14.

In response to Paragraph 14 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

## COUNT II: DIRECT ACTION

15.

Defendant incorporates his answers to the preceding paragraphs 1 through 14 as if fully set forth herein.

16.

In response to Paragraph 16 of Plaintiff's Complaint, Defendant states that this paragraph is not addressed to him and therefore no response is required. To the extent that a response is required, this Defendant admits that Defendant Sentry Select Insurance Company issued a policy of insurance to him that was in force at the time of the subject accident. Except as expressly admitted herein, this Defendant denies the remaining allegations set forth in this paragraph.

17.

In response to Paragraph 17 of Plaintiff's Complaint, Defendant states that this paragraph is not addressed to him and therefore no response is required. To the extent that a response is required, this Defendant admits that the laws of the State of Georgia apply to this matter. Except as expressly admitted herein, this Defendant denies the remaining allegations set forth in this paragraph.

18.

In response to Paragraph 18 of Plaintiff's Complaint, Defendant states that this paragraph is not addressed to him and therefore no response is required. To the extent that a response is required, this Defendant admits that the laws of the State of Georgia apply to this matter. Except as expressly admitted herein, this Defendant denies the remaining allegations set forth in this paragraph.

19.

In response to Paragraph 19 of Plaintiff's Complaint, Defendant states that this paragraph is not addressed to him and therefore no response is required. To the extent that a response is required, this Defendant admits that the laws of the State of Georgia apply to this matter. Except as expressly admitted herein, this Defendant denies the remaining allegations set forth in this paragraph.

## **FOURTEENTH DEFENSE**

All allegations in the Complaint not specifically admitted or denied hereinabove are now generally denied by this Defendant. In response to the allegations contained in the unnumbered "WHEREFORE" paragraph of Plaintiff's Complaint, including each subpart, Defendant denies that Plaintiff is entitled to the relief requested.

WHEREFORE, having responded to the Complaint, this Defendant prays to the Court as follows:

(1)    That all issues of fact not resolved as a matter of law be tried by a jury of twelve (12);

(2)    That the Court find that this Defendant is not liable for the damages or loss as alleged in Plaintiff's Complaint;

(3)    That all costs associated with the action be taxed against Plaintiff to include a reasonable fee for this Defendant's attorneys; and

(4)    For such and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of January 2022.

                                                MCMICKLE, KUREY & BRANCH, LLP

                                                */s/ Andrew E. Feske*
                                                SCOTT W. MCMICKLE
217 Roswell Street, Suite 200                   Georgia Bar No. 497779
Alpharetta, GA 30009                            ANDREW E. FESKE
Telephone:    (678) 824-7800                    Georgia Bar No. 103245
Facsimile:    (678) 824-7801                    ***Attorneys for Defendant Adam Lane d/b/a***
swm@mkblawfirm.com                              ***Ol' Yeller Transport***
afeske@mkblawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **ANSWER AND DEFENSES OF DEFENDANT ADAM LANE d/b/a OL' YELLER TRANSPORT**, with the Clerk of the Court using the PeachCourt e-Filing system, which will automatically send a notification attaching same thereon to the following counsel of record:

Mark Zamora, Esq.                              J. Avery Archer
Law Office of Mark Zamora              J. Blake Ledbetter
1555 Mt. Vernon Road                       Conoscienti & Ledbetter, LLC
Dunwoody, GA 30338                       315 W. Ponce de Leon Ave., Suite 400
                                                           Decatur, GA 30030

*Counsel for Plaintiff*

This 26th day of January 2022.

/s/ Andrew E. Feske
ANDREW E. FESKE
For the Firm